**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **PAMELA STANSBURY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:22-cv-02459-TLP-atc** |
| | ) | |
| **FEDEX CORPORATION, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION FOR PARTIAL SUA SPONTE DISMISSAL
AND TO ISSUE PROCESS FOR THE REMAINING DEFENDANT**

On July 13, 2022, Plaintiff Pamela Stansbury filed a *pro se* complaint against Defendants FedEx Corporation ("FedEx") and Dr. Alan Nadel.  (ECF No. 1.)  Plaintiff also filed a motion to proceed *in forma pauperis* (ECF No. 2), which was granted by this Court on July 15, 2022 (ECF No. 7).  Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

**PROPOSED FINDINGS OF FACT**

Plaintiff filed her Complaint on a Court-supplied form, alleging claims against Defendants for violations of the Americans with Disabilities Act of 1990 (the "ADA") and the Health Insurance Portability and Accountability Act ("HIPAA") (ECF No. 1, at 3–4).  Though Plaintiff checked boxes on the first page of the Complaint for claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"), Plaintiff does not allege any discriminatory acts by Defendants that relate to Title

VII or ADEA claims in the remainder of the Complaint (*id.* at 2–6), the attachments to the Complaint (ECF Nos. 1-1, 1-2, 1-3), or in her supplemental filing on August 24, 2022[1] (ECF Nos. 8, 8-1).[2]  Rather, Stansbury clarifies in her Complaint that her claims are founded on alleged discrimination based on her "Disability, Hippa Rights."  (ECF No. 1, at 3.)  As such, based on the allegations in the Complaint and its attachments, the Court construes her claims as ADA claims brought against FedEx and HIPAA claims brought against Dr. Nadel.[3]

With respect to her ADA claims, Plaintiff alleges that FedEx discriminated against her when it terminated her employment, failed to accommodate her disability, subjected her to unequal terms and conditions of employment, and retaliated against her on the basis of her disabilities, consisting of neurological complications from a head injury.  (ECF No. 1, at 4; ECF No. 1-3, at 1–2, 4–5; ECF No. 8, at 10–15; ECF No. 8-1, at 1–3.)  Plaintiff's purported HIPAA claims against Dr. Nadel are less clear.  Plaintiff appears to allege that Dr. Nadel violated her HIPAA rights when he "failed to give me my medical records" and engaged in malpractice "until 4/1/2021."  (ECF No. 1-3, at 1; *see also* ECF No. 8, at 5.)

---

[1] The exact purpose of Stansbury's supplemental filing on August 24, 2022, is unclear.  The filing consists of various medical records and hand-written notes from Plaintiff.  (ECF Nos. 8, 8-1.)  Because these documents relate to Stansbury's claims and allegations in her Complaint, the Court construes the August 24, 2022 supplemental filing as attachments to her Complaint and will consider these documents for purposes of this Report and Recommendation.

[2] The Court takes judicial notice of the attachments to the Complaint.  *See Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein.").

[3] Based on the Court's review of the Complaint and its attachments, it is unclear whether Stansbury intends to bring HIPAA claims against FedEx, in addition to Dr. Nadel.  However, for the reasons discussed below, even if Plaintiff alleged HIPAA claims against FedEx, those claims should be dismissed.

<u>**PROPOSED CONCLUSIONS OF LAW**</u>

**I.     28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

**II.    Standard of Review for Failure to State a Claim**

To determine whether Plaintiff's Complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[]

are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.* at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to survive a motion to dismiss.  All

that is required is that the complaint satisfies Federal Rule of Civil Procedure 8(a)'s simplified pleading standard. *Swierkiewicz*, 534 U.S. at 513. Rule 8(a) provides in relevant part that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.    Plaintiff's ADA Claims Against FedEx

When construing the Complaint and its attachments in a light most favorable to Stansbury and accepting her allegations as true, this Court finds that Plaintiff has satisfied the low threshold of alleging facially plausible claims for ADA disability discrimination against FedEx for purposes of screening under 28 U.S.C. § 1915(e)(2)(B)(ii). As such, the Court recommends that process be issued and served on FedEx pursuant to Local Rule 4.1(b)(2).

## IV.    Plaintiff's HIPAA Claims Against Dr. Nadel

Plaintiff's HIPAA claims against Dr. Nadel should be dismissed because HIPAA and its "regulations do not confer a private right of action on an individual." *Simpson v. Bredesen*, No. 2:10-cv-02950-JPM-tmp, 2015 WL 5655999, at *8 (W.D. Tenn. Sep. 24, 2015) (quoting *Johnson v. Kuehne & Nagel Inc.*, No. 2:11-cv-02317-STA-cgc, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012)); *see also Thomas v. Dep't of Health & Hum. Servs, Off. for C.R.*, No 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018) ("HIPAA itself does not create a private right of action.") (collecting cases); *Thomas v. Univ. of Tenn. Health Sci. Ctr. at Memphis*, No. 17-5708, 2017 WL 9672523, at *2 (6th Cir. Dec. 6, 2017) ("HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services ('DHHS'). . . .  If

[Plaintiff] believes that her HIPAA rights were violated, the proper avenue for redress is to file a complaint with the DHHS.") (citing 42 U.S.C. § 1320d-5(a)(1); 45 C.F.R. § 160.306).

Attempts to assert claims under HIPAA provide "no factual basis which could plausibly suggest an entitlement to relief." *Briars v. Memphis Light, Gas & Water*, No. 2:18-cv-2035-JTF-tmp, 2018 WL 3061345, at *4 (W.D. Tenn. Jan. 25, 2018), *report and recommendation adopted*, 2018 WL 1173004 (Mar. 6, 2018) (quoting *Simpson*, 2015 WL 5655999, at *8). "Plaintiff's factual allegations that the defendants violated HIPAA . . . even taken as true, do not state a claim on which relief may be granted." *Simpson*, 2015 WL 5655999, at *8 (quoting *Wilson v. Memphis Light, Gas & Water*, No. 2:12-cv-2956-STA-tmp, 2013 WL 4782379, at *3 (W.D. Tenn. Sept. 5, 2013)). As a result, Stansbury's HIPAA claims against Dr. Nadel—and against FedEx to the extent she alleges HIPAA claims—should be dismissed.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's HIPAA claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. Because the only claims against Dr. Nadel involve Stansbury's HIPAA allegations, the Court further recommends that Dr. Nadel be dismissed as a defendant and that process not issue for him.

With respect to Stansbury's ADA claims against FedEx, the Court recommends that they be allowed to proceed. The Court further recommends that the Clerk of Court be directed to issue process for FedEx and to deliver that process to the U.S. Marshal for service along with a copy of the Complaint, this Report and Recommendation, and any Order from the District Judge regarding this Report and Recommendation; that service be made on FedEx pursuant to Federal Rule of Civil Procedure 4(c)(3); and that all costs of service be advanced by the United States.

Respectfully submitted this 16th day of December, 2022.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.