# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PAMELA STANSBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02459-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| FEDEX CORPORATION, DR. ALAN ) | |
| NADEL, and FEDERAL EXPRESS ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Pamela Stansbury sued Defendants Federal Express Corporation ("Federal Express")[1] and Dr. Alan Nadel ("Dr. Nadel") in July 2022. (ECF No. 1.) Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters.

Judge Christoff reviewed Defendant's Complaint and entered a Report and Recommendation ("R&R") (ECF No. 9). In her R&R, Judge Christoff recommends that Plaintiff's claims under the Americans with Disabilities Act of 1990 ("ADA") proceed, and that the Court should issue service of process for Defendant Federal Express. But Judge Christoff also recommends that the Court dismiss Plaintiff's claims under Title VII, the ADEA and the Health Insurance Portability and Accountability Act ("HIPAA"). As a result, because Plaintiff's

---

[1] Plaintiff filed an amendment to correct the company's name from "Fedex Corporation" to "Federal Express Corporation." (ECF NO. 15.) The Court terminated Defendant "FedEx Corporation" on January 23, 2023.

1

only claim against Defendant Dr. Nadel is under HIPAA, the R&R recommends dismissing him from this action.

For the reasons below, the Court agrees with Judge Christoff's analysis and therefore **ADOPTS** her R&R.  As a result, the Court **ORDERS** that process be served on Federal Express under Local Rule 4.1(b)(2).  The Court **DISMISSES** Defendant Dr. Nadel from this action and all of Plaintiff's claims under HIPAA.

## BACKGROUND

In July 2022, Plaintiff sued Federal Express and Dr. Nadel.  (ECF No. 1.)  She used a court-provided complaint form and alleged violations of the ADA, HIPAA, Title VII and the ADEA.  (*Id.*)  Because Plaintiff is a pro se, non-prisoner litigant and proceeding in forma pauperis, the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B) to make sure the plaintiff's claims allege enough to proceed before issuing process.  *See* Local Rule 4.1(b)(2). While construing the Complaint in the light most favorable to Plaintiff, Judge Christoff found that Plaintiff only asserted claims under the ADA and HIPAA.  (ECF No. 9 at PageID 46–47.) Judge Christoff concluded that, although Plaintiff checked boxes on the form for Title VII and ADEA, she asserts no factual allegations for those causes of action.  So the R&R recommends dismissing those claims.  The R&R also recommends that Plaintiff's ADA claim should survive the screening process but not Plaintiff's HIPAA claim.  (*Id.* at PageID 51.)

Plaintiff's Complaint stems from her former employment at Federal Express. (*See* ECF No. 1 ; ECF No. 8.)  She claims that she suffered neurological complications from a head injury and that she experienced unequal treatment and retaliation at Federal Express because of this disability.  (ECF No. 1 at PageID 4.)  The Complaint further alleges that Federal Express failed to provide accommodations and terminated her because of this disability.  (*Id.*)  To supplement

her claims, Plaintiff attached medical records and handwritten notes.  (ECF No. 8.)  Judge Christoff considered these documents as a supplement to the Complaint.  (ECF No. 9 at PageID 47.)

Plaintiff also brings claims against a physician, Dr. Nadel, from whom she sought treatment from 2020–2021.  (ECF No. 1-3.)  She alleges that he did not check her temperature, pulse and blood pressure, and that he "failed" to return her medical records, a HIPAA violation.  (*Id.* at PageID 10.)  Now the Court turns to the R&R.

## THE R&R

After recounting the factual and procedural history, Judge Christoff analyzed the screening standard under 28 U.S.C § 1915(e)(2) and the standard of review under Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 9 at PageID 48–50.)  Next, she summarized the ADA and HIPAA claims raised in Plaintiff's complaint.  In conclusion, she recommended that the Court issue service of process for Defendant Federal Express over the ADA claim only.  Also, Judge Christoff recommended dismissing the remaining causes of action and the HIPAA claim against Dr. Nadel.  (ECF No. 9 at PageID 51–52.)  The Court next addresses whether to adopt the R&R.

## LEGAL STANDARD

A magistrate judge may submit proposed findings of fact and recommendations to a district court judge for the determination of certain pretrial matters, including dismissal of an action for failure to state a claim.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

3

If a party does not object, then a district court reviews a report and recommendation for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R in December 2022, and Plaintiff did not object.[2] The Court therefore reviews the R&R for clear error.

## DISPOSITION

For the reasons below, this Court finds that Plaintiff has alleged enough facts for the Court to issue process for Federal Express as to her ADA claim. That said, the Court also finds that the remaining claims under Title VII, the ADEA and HIPAA should be dismissed. As a result, the claims against Dr. Nadel are dismissed too.

### I.      Plaintiff's ADA Claim Against Federal Express

The Clerk of the Court will only issue a summons for non-prisoner, pro se plaintiffs that proceed in forma pauperis, after a screening of a petitioner's claim. *See* Local Rule 4.1(b)(2). Judge Christoff screened Plaintiff's ADA claim in accordance with Local Rule 4.1(b)(2) and under 28 U.S.C § 1915(e)(2)(B). She determined that Plaintiff pleaded enough facts to justify issuing process on Federal Express. Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable

---

[2] After Judge Christoff entered her R&R, Plaintiff filed two documents. The first is titled as a response to the R&R, but it only restates the same facts from the Complaint. (ECF No. 13.) The second document corrected Defendant FedEx's name. (ECF No. 15.) These filings did not explicitly object to Judge Christoff's R&R. Instead, they disputed the correctness of the recommendation, but "fail[] to specify the findings believed to be in error . . . ." *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). When this happens, the district court treats a party's objections as a general objection to the entire magistrate judge's report. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). And "[a] general objection is considered the equivalent of failing to object entirely." *Id.* Either way, the Court reviews the R&R for clear error.

4

to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). While courts hold a pro se pleading to less stringent standards (*see Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citation omitted)), a court cannot "create a claim which a plaintiff has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). And it is not the court's job to "ferret out the strongest cause of action on behalf of pro se litigants." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). In the end, the Court agrees with Judge Christoff's analysis and the recommendation that service of process issue on Defendant Federal Express as to the ADA claims only.

## II.   Dr. Nadel's HIPAA Violation

This Court also agrees with Judge Christoff that Plaintiff's Complaint fails to state a claim upon which relief can be granted against Dr. Nadel. To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As Judge Christoff explained, HIPAA confers no private right of action. *Simpson v. Bredesen*, No. 2:10-cv-02950-JPM-tmp, 2015 WL 5655999, at *8 (W.D. Tenn. Sep. 24, 2015) (quotations omitted). Many circuits have reached this conclusion and the Sixth Circuit is no exception. *See Thomas v. Univ. of Tenn. Health Sci. Ctr. At Memphis*, No. 17-5708, 2017 WL 9682523, at *2 (6th Cir. Dec. 6, 2017). While an individual may complain to DHHS, they are not allowed to bring suit under HIPAA.[3]  *Id*.

---

[3] Though Plaintiff states that she filed a complaint with DHHS, she never addresses the legal analysis of Judge Christoff's R&R nor provides any reason why a private right of action may be conferred. (ECF No. 13 at PageID 59.)

Judge Christoff correctly found that any claim asserted under HIPAA provides "no factual basis which could plausibly suggest an entitlement to relief." *Briars v. Memphis Light, Gas & Water*, No. 2:18-cv-2035-JTF-tmp, 2018 WL 3061345, at *4 (W.D. Tenn. Jan. 25, 2018), *report and recommendation adopted*, 2018 WL 1173004 (Mar. 6, 2018) (quotations omitted). Plaintiff also failed to allege any other cause of action against Dr. Nadel. Because this Court cannot address Plaintiff's claims nor provide any form of relief, the actions asserted under HIPAA are dismissed. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### III.   Plaintiff's Title VII and ADEA Claims

Though Plaintiff checked the Title VII and ADEA boxes on the complaint form, Judge Christoff correctly concluded that Plaintiff did not plead any discriminatory acts to support any claim under Title VII or the ADEA. (ECF No. 9 at PageID 46-47.) In her complaint, Plaintiff alleged discrimination based on her "Disability, Hippa Rights." (ECF No. 1 at PageID 3.) In turn, Judge Christoff broadly construed her claims under the ADA and HIPAA. So this Court agrees with Judge Christoff's reasoning and dismisses Plaintiff's claims under Title VII and ADEA.

### CONCLUSION

The Court has reviewed Judge Christoff's R&R for clear error and finds none. The Court **ADOPTS** the R&R, **ORDERS** that service of process issue for Defendant Federal Express as to Plaintiff's ADA claim only, **DISMISSES** Plaintiff's HIPAA, Title VII, and ADEA claims **WITH PREJUDICE**, and **DISMISSES** Defendant Dr. Nadel from this action.

**SO ORDERED**, this 19th day of September, 2023.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE