# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PAMELA STANSBURY,            ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.                            ) | No. 2:22-cv-02459-TLP-atc |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendants.        ) | |

## REPORT AND RECOMMENDATION
## AND ORDER ON PENDING MOTIONS

Before the Court by Order of Reference[1] are multiple motions. First is Defendant Federal Express Corporation's ("FedEx") Motion to Dismiss Plaintiff's Complaint, filed on November 28, 2023. (ECF No. 21, 22.) Pro se Plaintiff Pamela Stansbury filed a Response to that motion on December 4, 2023. (ECF No. 25.) FedEx filed a Reply in support of the motion on December 15, 2023. (ECF No. 27.) Without leave of Court, Stansbury filed what amounts to a Surreply to the motion on December 19, 2023.[2] (ECF No. 28.)

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] Local Rule 12.1(c) entitled FedEx to file its Reply in support of the Motion to Dismiss, but the same is not true for Stansbury's Surreply or her Reply in Support of her Motion to Amend (discussed below). Under Local Rules 7.2(c) and 12.1(c), any filings related to a Motion to Amend after a Response or a Motion to Dismiss after a Reply may only be filed with leave of Court. Stansbury did not seek leave of Court to file her Surreply to the Motion to Dismiss or her Reply to the Motion to Amend. The Court will consider Stansbury's unapproved filings for purposes of the recommendations discussed herein, but she is cautioned that further filing of documents beyond what is permitted by the Local Rules may result in the Court disregarding such documents.

Second is Stansbury's Second Motion to Appoint Counsel, filed on January 31, 2024. (ECF No. 40.) FedEx does not oppose this motion but notes that "the Court had already denied an identical motion" for appointment of counsel. (ECF No. 41-1, at 3.)

Third is FedEx's Motion to Strike Plaintiff's Notice of Initial Disclosures and for Court-Selected Mediator, filed on February 2, 2024. (ECF No. 41.) Stansbury filed a Response in opposition to that motion on February 7, 2024. (ECF No. 42.)

Fourth is Stansbury's motion for issuance of subpoena ("Motion for Subpoena"), filed on March 13, 2024. (ECF No. 43.) No opposition to that motion has been filed.

Fifth and finally is Stansbury's Motion to Amend Pleadings Adding Negligence and Race ("Motion to Amend"), filed on March 15, 2024. (ECF No. 44.) FedEx filed a Response in opposition to that motion on March 18, 2024. (ECF No. 45.) Without leave of Court, Stansbury filed what amounts to a Reply in support of the motion on March 28, 2024. (ECF No. 46.)

For the reasons below, the Court RECOMMENDS that the Motion to Dismiss be granted in part and denied in part and the Motion to Amend be denied. The Second Motion to Appoint Counsel and the Motion to Strike are DENIED. The Motion for Subpoena is GRANTED.

**REPORT AND RECOMMENDATION**

**I.    PROPOSED FINDINGS OF FACT**

Stansbury filed her original Complaint on a Court-supplied form, alleging claims against FedEx for violations of the Americans with Disabilities Act of 1990 (the "ADA"). (ECF No. 1, at 3–4.) She also alleged claims against Dr. Alan Nadel for violations of the Health Insurance Portability and Accountability Act ("HIPAA").[3] (*Id.*) As discussed in the R&R and Judge

---

[3] Based on the Court's review of the Complaint and its attachments, it is unclear whether Stansbury intended to bring HIPAA claims against FedEx, in addition to Dr. Nadel. However, as

Parker's Order Adopting R&R, Stansbury's HIPAA allegations failed to state a claim against Dr. Nadel because HIPAA confers no private right of action, and thus Stansbury's claims against him were dismissed.  (ECF No. 9, at 5; ECF No. 16, at 5.)  Though Stansbury checked boxes on the first page of the Complaint for claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"), she did not allege any discriminatory acts by FedEx that relate to Title VII or ADEA claims in the remainder of the Complaint (*id.* at 2–6), in the attachments to the Complaint (ECF Nos. 1-1, 1-2, 1-3), or in her supplemental filing on August 24, 2022 (ECF Nos. 8, 8-1).[4]  Rather, Stansbury clarified in her Complaint that her claims are founded on alleged discrimination based on her "Disability, Hippa Rights."  (ECF No. 1, at 3.)  As such, her Title VII and ADEA claims were dismissed.  (ECF No. 16, at 6.)

With respect to her ADA claims, Stansbury alleges in her original Complaint that FedEx discriminated against her when it terminated her employment, failed to accommodate her disability, and retaliated against her on the basis of her disabilities, consisting of neurological complications from a head injury that she suffered while at work.  (ECF No. 1, at 4; ECF No. 1-3, at 1–2, 4–5; ECF No. 8, at 10–15; ECF No. 8-1, at 1–3.)  In her Motion to Amend, Stansbury

---

discussed in the Court's December 16, 2022 Report and Recommendation ("R&R") (ECF No. 9) and in United States District Judge Thomas L. Parker's September 19, 2023 Order Adopting R&R (ECF No. 16), even if Stansbury alleged HIPAA violations against FedEx, those allegations fail to state a claim.

[4] The exact purpose of Stansbury's supplemental filing on August 24, 2022, is unclear.  The filing consists of various medical records and hand-written notes from Stansbury.  (ECF Nos. 8, 8-1.)  Because these documents relate to Stansbury's claims and allegations in her Complaint, the Court construes the August 24, 2022 supplemental filing as attachments to her Complaint.  *See Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein.").

3

seeks to add allegations of negligence and racial discrimination against FedEx and negligence/medical malpractice against Dr. Nadel—who is not currently a party to this case. (ECF No. 44.)[5]  Specifically, Stansbury contends that her head injury was caused by the negligence of FedEx and that it engaged in racial discrimination against her with respect to training and other conditions of her employment. (*Id.* at 1–4.)  With respect to Dr. Nadel, Stansbury essentially alleges that he engaged in medical malpractice with respect to her post-head-injury treatment and by failing to provide Stansbury with her medical records. (*Id.* at 4–5.)

FedEx moves for dismissal of Stansbury's remaining ADA claims for failure to state a claim. (ECF No. 22.)  In her Response, Stansbury does not substantively address FedEx's arguments and instead attaches various documents that reiterate the allegations from her Complaint and its attachments. (ECF No. 25.)

## II.     PROPOSED CONCLUSIONS OF LAW

### A.     Legal Standard for Motions to Amend

"[M]otions for leave to amend are reviewed under the deferential standard of Federal Rule of Civil Procedure 15, and the Court 'should freely give leave when justice so requires.'" *Porter v. AAR Aircraft Servs., Inc.*, 316 F.R.D. 691, 692 (W.D. Tenn. 2016) (quoting Fed. R. Civ. P. 15(a)(2)).  An exception to this forgiving standard is when a proposed amendment is futile. *Id.* (citing *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 729 (6th Cir.

---

[5] Because Dr. Nadel has never been served in this case and because Stansbury proceeds *in forma pauperis*, the Court will screen Stansbury's proposed amended claims against him.  Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The recommendation herein as to the proposed amended claims against Dr. Nadel constitutes the Court's screening of those claims.

4

2009)); *see also Foman v. Davis*, 371 U.S. 178, 182, (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Berry v. Regions Fin. Corp.*, 507 F. Supp. 3d 972, 977 (W.D. Tenn. 2020), *appeal dismissed*, No. 21-5038, 2021 WL 1511687 (6th Cir. Jan. 29, 2021) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)); s*ee also Avery Outdoors, LLC v. Peak Rock Cap., LLC*, No. 16-cv-2229-SHL-tmp, 2017 WL 5186246, at *3 (W.D. Tenn. Jan. 23, 2017) (setting forth and considering the Rule 12(b)(6) standard of review when granting in part and denying in part a motion to amend the complaint). That standard is set forth in the next section.

  B. <u>Legal Standard for Motions to Dismiss</u>

  To determine whether an individual has stated a claim for which relief may be granted, the Court applies the standards under Rule 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at

555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to pro se complaints, "however inartfully pleaded"). Nevertheless, pro se litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs.*, L.P., No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

C.      Stansbury's proposed negligence claim against FedEx

In the Motion to Amend, Stansbury alleges that "she was hit with a steel object on 10/21/2020" while at work as a result of the negligence of FedEx. (ECF No. 44, at 1–2.) As FedEx correctly argues (ECF No. 45, at 3), that negligence claim is barred by workers' compensation exclusivity. In Tennessee, "pursuant to Tenn. Code Ann. § 50-6-108(a), the workers compensation fund (except in cases of employer intentional torts) provides the exclusive remedy for workplace injuries: 'The rights and remedies granted to an employee subject to this chapter, on account of personal injury . . . shall exclude all other rights and remedies of the employee.'" *Wiggins v. Kimerly-Clark Corp.*, 641 F. App'x 545, 550 (6th Cir. 2016) (affirming the trial court's denial of leave to amend to add state-law tort claims against an employer for injuries the plaintiff suffered at work).

That exclusivity bars Stansbury's negligence claim against FedEx. Her claim involves a workplace injury, as she alleges she suffered the injury "during the course and scope of [her] employment, meaning the employee is precluded from seeking tort damages for the injury." *Id.* (quoting *Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003)). Her allegations also do not rise to the level of an intentional tort, as she does not allege that FedEx intentionally caused her injury. *See id.* at 550 n.4 (holding that, to plead an intentional tort, "a plaintiff must allege actual intent (and do so with plausible specificity under *Twombly*/*Iqbal*) to survive dismissal. Mere assertion of that degree of desire to injure is not enough: plaintiffs 'cannot avoid the exclusive remedy provisions of the workers' compensation act simply by labeling their causes of action' as intentional torts." (quoting *Rodgers v. GCA Servs. Grp., Inc.*, No. W2012-01173-COA-R3-CV, 2013 WL 543828, at *9 (Tenn. Ct. App. Feb. 13, 2013))). As

a result, Stansbury's Motion to Amend as to her proposed negligence claim against FedEx should be denied.

      D.      <u>Stansbury's proposed race discrimination claim against FedEx</u>

Stansbury also seeks to add a Title VII race discrimination claim against FedEx. (ECF No. 44, at 2–3.) However, Stansbury failed to exhaust her administrative remedies for such a claim, which prevents those claims from proceeding in federal court. *See, e.g.*, *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010) (holding that failure to include claims by way of the check boxes on the EECO charge form or in its narrative portion prevents those claims from proceeding in court); *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (holding that the plaintiff's Title VII claim was properly dismissed when "the plaintiff neither checked the retaliation box nor described anything that indicates that she might have a retaliation claim" in her EEOC charge). Here, Stansbury's Charge of Discrimination alleges claims involving only disability discrimination; she failed to check the box for race discrimination, and the narrative portion of the charge does not mention discrimination based on race. (ECF No. 45-1.) The Motion to Amend to add the race discrimination claim against FedEx should therefore be denied.

      E.      <u>Stansbury's proposed negligence/malpractice claims against Dr. Nadel</u>

Stansbury's attempt to bring Dr. Nadel into this case via a claim of negligence or medical malpractice should also fail as futile. As an initial matter, the Court notes that such claims are likely legally insufficient under Tennessee medical malpractice law for failure to comply with Tenn. Code Ann. § 29-26-101 et seq., specifically the certificate-of-good-faith requirement under Tenn. Code Ann. § 29-26-122.

8

Regardless, Stansbury's claims against Dr. Nadel are clearly time barred on their face. Whether Stansbury's claims against Dr. Nadel are characterized as simple negligence (Tenn. Code Ann. § 28-3-104) or medical malpractice (Tenn. Code Ann. § 29-26-116), the statute of limitations for her claims against Dr. Nadel is one year. By Stansbury's own admission, her medical treatment with Dr. Nadel ended on April 1, 2021. (ECF No. 1-3, at 5; ECF No. 13, at 1.) Thus, her proposed amended claims accrued, at the latest, on April 1, 2021, and Stansbury does not allege any facts that might delay the accrual date or equitably toll the running of the one-year statute of limitations after that date. Stansbury filed this case on July 13, 2022. (ECF No. 1.) Even if her proposed amended claims against Dr. Nadel relate back to the original filing of this case, Stansbury's claims against Dr. Nadel expired over three months before she filed her original Complaint.

Because the claims against Dr. Nadel are clearly time barred on their face, the Court recommends that they be dismissed *sua sponte* for failure to state a claim. *See McDaniel v. Rees*, No. Civ.A.05CV218-HRW, 2006 WL 13031, at *3 (E.D. Ky. Jan. 3, 2006) ("A district court may sua sponte raise the statute of limitations defense in a suit where [a] statute of limitations defect was obvious from [the] face of [the] complaint. . . . A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate.") (collecting cases); *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (finding that, "[b]ecause the statute of limitations defect was obvious from the face of the complaint, sua sponte dismissal of the complaint was appropriate" during § 1915(e)(2)(B) screening); *Gardner v. Lexington-Fayette Urb. Cnty. Gov't*, No. 21-5941, 2022 WL 1039608, at *3 (6th Cir. Mar. 9,

2022) (affirming dismissal after screening based on a statute-of-limitations defense "apparent from the face of the complaint" (quoting *Alston*, 28 F. App'x at 476)); *Jackson v. TSA*, No. 20-3097, 2021 WL 3575046, at *1–2 (6th Cir. Apr. 19, 2021) (same); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) (affirming *sua sponte* dismissal of time barred claims when "a statute of limitations defect [was] obvious from the face of the complaint" and holding that "Section 1915(e) does not require an opportunity for amendment, but rather grants courts authority to dismiss a case at any time if it is frivolous or fails to state a claim upon which relief may be granted"); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" (quoting *Fratus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995))).[6]

---

[6] Prior to the enactment of the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), in 1996, courts screened *in forma pauperis* complaints only for frivolousness or maliciousness. 28 U.S.C. § 1915(d) (1996). Since the enactment of the PLRA, courts also screen *in forma pauperis* complaints for failing to state a claim and for seeking monetary relief from an immune defendant. § 1915(e)(2)(b). With respect to the frivolousness analysis, Sixth Circuit case law holds that dismissal of clearly time-barred claims is appropriate because such claims are legally frivolous. *See Fraley v. Ohio Gallia Cnty.*, 166 F.3d 1213, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (unpublished table decision) (affirming *sua sponte* dismissal of a pro se § 1983 action as frivolous because it was filed after the applicable statute of limitations had expired). "A complaint 'is frivolous where it lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)." *Id.* (citing *Ashiegbu v. Kim*, 145 F.3d 1329, 1998 WL 211796, at *1 (6th Cir. Apr. 24, 1998) (unpublished table decision)). "Furthermore, a sua sponte dismissal of an in forma pauperis complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face." *Id.* (citing *Pino v. Ryan*, 49 F.3d 51, 53 (2d. Cir. 1995)); *see also Pino*, 49 F.3d at 53 (collecting cases and concluding that claims that are time-barred on their face should be dismissed during § 1915 screening as frivolous, even though such a defense is waivable); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (citing *Pino* for the proposition that,

F.        Stansbury's disability discrimination claim

Partial dismissal of Stansbury's disability discrimination claim is also warranted. FedEx first argues that the claim is time barred. (ECF No. 22.) FedEx is correct that Stansbury's claims arising from allegations that took place before February 6, 2021, are untimely and should be dismissed. Stansbury was required to file her EEOC Charge of Discrimination within 300 days of the alleged disability discrimination. *See Booth v. Nissan N.A., Inc.*, 927 F.3d 387, 392 (6th Cir. 2019) (citations omitted). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). As a result, "only those acts that occurred 300 days before [the charge filing date] are actionable." *Id.* "If the

---

"[w]hen a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate," but reversing § 1915 dismissal because the applicable statute of limitations was not clear from the face of the complaint); *Mischler v. Stevens*, No. 14-5567, 2015 WL 13928181, at *3 (6th Cir. Sep. 9, 2015) (citing *Pino* for the proposition that "[a] district court may sua sponte dismiss a complaint as time-barred where its untimeliness is obvious on its face" and affirming dismissal for failure to state a claim based on the running of the statute of limitations); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (affirming dismissal of a time-barred claim as frivolous during § 1915 screening when the pro se plaintiff filed his complaint eight days after the statute of limitations expired); *Harris v. Turner*, No. 21-3612, 2022 WL 18228284, at *1–2 (6th Cir. Aug. 2, 2022) (citing *Dellis* for the proposition that "[s]ua sponte dismissal may be appropriate where a statute of limitations defect is obvious from the face of the complaint" and affirming § 1915 dismissal for failure to state a claim when the plaintiff filed his complaint a few months after his claims expired); *Moore v. Lewis*, No. 1:11-cv-29, 2011 WL 4344433, at *4–5 (E.D. Tenn. Sep. 14, 2011) (collecting cases for the proposition that courts may dismiss as frivolous and for failure to state a claim complaints that are subject to an affirmative defense on their face and dismissing the complaint as time-barred during § 1915 screening for failure to state a claim and as frivolous). Whether Stansbury's proposed claims against Dr. Nadel are analyzed under frivolousness or failure to state a claim, the result is the same, as they are clearly time-barred on their face, and "[a]ny complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328–29).

11

employee fails to file an EEOC complaint related to that action within the allowed statutory period, a defendant employer is entitled to treat a past act as lawful." *Id.* (citing *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977)).

Here, Stansbury filed her Charge on December 3, 2021, and thus only those acts that occurred within 300 days—on or after February 6, 2021—are actionable. Stansbury, however, bases her allegations on discriminatory acts going back to October 21, 2020. (ECF No. 25, at 11.) Any discriminatory actions that FedEx allegedly took between October 21, 2020, and February 6, 2021, are time barred and cannot form the basis of Stansbury's ADA claim. Contrary to FedEx's arguments, however, Stansbury's allegations that she asked for accommodations between February 6th and July 6, 2021, for neurological conditions relating to her head injury (ECF No. 1, at 4); that she specifically asked for work-related accommodations in April 2021 without a response (ECF No. 8, at 8); and that she was subsequently terminated from her employment due to her disability on April 12, 2021 (ECF No. 1, at 4; ECF No. 8, at 8), are separate allegations of discrimination within the statutory period and thus are not time barred.

Next, FedEx argues that Stansbury has failed to plead the elements of an ADA claim. "To recover on a claim for disability discrimination under the ADA, a plaintiff must show that he: (1) is disabled; (2) is otherwise qualified to perform the essential functions of the position, with or without accommodation; and (3) has suffered an adverse employment action because of his disability." *Douglas v. Esper*, No. 2:18-cv-02420-SHM-dkv, 2020 WL 206936, at *3 (W.D. Tenn. Jan. 14, 2020) (citing *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir. 2016)). A plaintiff must show that the adverse employment action took place "because of, or 'but-for,' their actual or perceived physical or mental impairment." *Babb v. Maryville Anesthesiologists P.C.*, 942 F.3d 308, 319 (6th Cir. 2019) (quoting *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312,

12

321 (6th Cir. 2012)). Proving this but-for causal connection can be accomplished through direct evidence of discriminatory motive or through "circumstantial evidence of discrimination under the well-trod *McDonnell Douglas* burden-shifting framework." *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). "Direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Peeples v. City of Detroit*, 891 F.3d 622, 633 (6th Cir. 2018) (quoting *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999)). "[C]ircumstantial evidence does not 'on its face establish discriminatory animus,' but discrimination may be reasonably inferred." *Golden v. Mirabile Inv. Corp.*, 724 F. App'x 441, 446 (6th Cir. 2018) (quoting *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 649 (6th Cir. 2012)).

Though Stansbury's allegations of discrimination after February 6th are not particularly detailed, she is not required to "allege facts establishing a prima facie case of disability discrimination to survive a motion to dismiss under Rule 12(b)(6)." *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)); *see also Chapman v. Olymbec USA, LLC*, No. 2:18-cv-02842-SHM-tmp, 2019 WL 5684177, at *8 (W.D. Tenn. Nov. 1, 2019) (citing *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012)) ("The satisfaction of every element of a prima facie case at the motion-to-dismiss stage is not required."). In other words, "so long as a complaint provided an adequate factual basis for a . . . discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Id.* at *2 (Griffin, J., concurring in part, dissenting in part) (quoting *Serrano v. Cintas Corp.*, 699 F. 3d 884, 897 (6th Cir. 2012)).

13

Here, Stansbury has sufficiently alleged that she suffers a disability relating to her workplace head injury. (ECF No. 1, at 4; ECF No. 8, at 8; ECF No. 25, at 11.) Though she does not specifically address her qualifications for her position, the Record reflects that she worked for FedEx as a material handler from 1992 until her resignation in 2000 and then again as a material handler and a trace agent from 2015 until her termination on April 14, 2021. (ECF No. 25, at 11.) And Stansbury has sufficiently alleged adverse employment actions after February 6, 2021, including denials of work-related accommodations and her termination on April 14th. (ECF No. 1, at 4; ECF No. 8, at 8; ECF No. 25, at 11.) When construing the Complaint and its attachments in a light most favorable to Stansbury and accepting her allegations as true, the Court finds that Stansbury has sufficiently alleged acts of disability discrimination after February 6th. It is therefore recommended that the Motion to Dismiss be granted in part and denied in part, as her pre-February 6th allegations are untimely, but her post-February 6th allegations should be allowed to proceed.

G. Stansbury's ADA retaliation claim

FedEx argues that Stansbury has failed to state a claim for retaliation because she has not alleged a causal connection between protected ADA activity and retaliatory conduct by FedEx. (ECF No. 22, at 6–7.) An ADA retaliation claim "requires a showing that (1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action." *Rorrer v. City of Snow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *A.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013)). "Protected activity typically refers to action taken to protest or oppose a statutorily prohibited

14

discrimination." *Id.* (quoting *Goonan v. Fed. Rsrv. Bank of N.Y.*, 916 F. Supp. 2d 470, 484–85 (S.D.N.Y. 2013)).

FedEx argues that Stansbury's retaliation claim fails to satisfy the causation element, contending that her requests for accommodation and the allegedly retaliatory conduct are insufficiently proximate in time. (ECF No. 22, at 6–7.)  Temporal proximity alone may show a causal connection "[w]here an adverse employment action occurs very close in time after an employer learns of a protected activity," but when the timing is not as close, "the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality." *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 505 (6th Cir. 2014); *see also Zarza ex rel. Zarza v. Bd. of Regents of Univ. of Mich.*, No. 22-1776, 2023 WL 3270899, at *4 (6th Cir. May 5, 2023) ("To establish causality, plaintiffs often point to temporal proximity and some 'other evidence of retaliatory conduct.'" (quoting *Bledsoe v. Tenn. Valley Auth. Bd. of Dirs.*, 42 F.4th 568, 588 (6th Cir. 2022))).  "When the Sixth Circuit has found that temporal proximity alone established a causal link, the time between the employer learning of the protected activity and the adverse employment action was quite short—less than six months." *Ford v. Memphis-Shelby Cnty. Sch.*, No. 2:22-cv-02346-TLP-atc, 2024 WL 1855573, at *11 (W.D. Tenn. Apr. 29, 2024) (comparing *McNett v. Hardin Cmty. Fed. Credit Union*, 118 F. App'x. 960, 965 (6th Cir. 2004) (holding that thirteen days was close enough on its own to show a prima facie case of retaliation), *Shefferly v. Health All. Plan of Mich.*, 94 F. App'x. 275, 285 (6th Cir. 2004) (holding that less than three weeks was close enough), and *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 563 (6th Cir. 2004) (holding that three months was close enough), with *Cooper v. City of N. Olmsted*, 795 F.2d 1265, 1272–73 (6th Cir. 1986) (holding that four months was too distant to make a prima facie showing of retaliation), *Parnell v. West*, No. 95-2131, 1197 WL 271751, at

\*3 (6th Cir. May 21, 1997) (holding that seven months was too distant), and *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (holding that two years was too distant)).

Here, Stansbury's allegations of retaliation consist of requests for accommodation that took place between October 21, 2020, and April 1, 2021, followed by her termination on April 14, 2021.  (ECF No. 1, at 4; ECF No. 8, at 8; ECF No. 25, at 11.)  Each of Stansbury's requests for accommodations thus took place less than six months before her alleged retaliatory termination, and some of the requests were only a few weeks before.  Construing the Complaint in the light most favorable to Stansbury and accepting her allegations as true, the Court finds that she has alleged protected activity sufficiently close in time to an adverse employment action to state a claim for retaliation at this stage.  It is therefore recommended that the Motion to Dismiss be denied as to Stansbury's ADA retaliation claim against FedEx.

## ORDER ON OTHER PENDING MOTIONS

### I.     The Second Motion to Appoint Counsel

Stansbury seeks appointment of counsel for a second time in this case.  (ECF No. 40.)  Her first motion for appointment of counsel (ECF No. 7) was previously denied (ECF No. 10).  As discussed in the Order denying the first motion for appointment of counsel, appointment of counsel is "'a privilege that is justified only by exceptional circumstances.'"  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself."  *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984).  That determination generally involves consideration of the "complexity of the factual and legal issues involved."  *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986).

Though Stansbury's second motion provides some additional grounds in support of the relief she seeks—inasmuch as she notes her workplace injury and contends that she has difficulty understanding some procedural aspects of litigating her case—Stansbury has not demonstrated exceptional circumstances for this Court to appoint counsel, and nothing in her Complaint and other submissions distinguishes this case from other employment discrimination claims filed by *pro se* litigants.  And Stansbury has demonstrated the ability to file documents in this case that are responsive to the Court's requirements and FedEx's submissions.  As a result, the motion is DENIED.

## II.     The Motion to Strike and ADR Issues.

In FedEx's Motion to Strike and Stansbury's Response, the parties primarily argue about whether they agreed to use Attorney Bryce Ashby as a mediator in this case.  (ECF Nos. 41, 42.)  The Court finds that the parties' arguments on this issue are unnecessary and unhelpful.  In its Order on Motion for Court Appointed Mediator and Additional ADR Issues, the Court ordered the parties to inform the Court whether the parties' previously agreed-upon mediator would agree to be bound by all the terms of the Court's Mediation Plan for Pro Se Civil Cases with Parties Granted In Forma Pauperis Status in the United States District Court for the Western District of Tennessee (the "Plan") or, alternatively, identify a mediator from the Plan Directory.  (ECF No. 38, at 3.)  In response, the parties did neither.

Because the parties have been unable to agree on a mediator as ordered, the Court hereby appoints Jerry Potter as mediator.  Mr. Potter's address is 6060 Primacy Parkway, Suite 100, Memphis, Tennessee 38119.  His phone number is 901-525-1455, and his email is jpotter@hard-law.com.  The parties shall schedule their mediation with Mr. Potter to be completed by September 20, 2024.  The Motion to Strike is otherwise DENIED.

17

### III. The Motion for Subpoena.

In the motion, Stansbury seeks to subpoena her own medical records from Dr. Nadel.[7] No response to the motion has been filed. For good cause shown, the Court GRANTS the unopposed motion. Stansbury is directed to submit a revised subpoena to the Clerk's Office with an updated production/compliance deadline at least fourteen days in the future for issuance to Dr. Nadel. Thereafter, the Clerk's Office shall issue the subpoena and return it to Stansbury for service on Dr. Nadel pursuant to Federal Rule of Civil Procedure 45.

## CONCLUSION

For the reasons above, the Court RECOMMENDS that the Motion to Amend be denied and the Motion to Dismiss be granted in part and denied in part. Specifically, the Court recommends that Stansbury's ADA retaliation claim be allowed to proceed. The Court further recommends that her disability discrimination claim be allowed to proceed, but only with respect to her allegations after February 6, 2021.

The Second Motion to Appoint Counsel and the Motion to Strike are DENIED. The Motion for Subpoena is GRANTED. The parties are ORDERED to complete mediation with Mr. Potter by September 20, 2024.

So ORDERED this 30th day of July, 2024.

             s/Annie T. Christoff
             ANNIE T. CHRISTOFF
             UNITED STATES MAGISTRATE JUDGE

---

[7] For future reference, the Local Rules do not require Stansbury to file a motion prior to issuance of a subpoena. Subpoenas may be obtained by presenting a properly completed subpoena form to the Clerk's Office for issuance, without prior Court approval.

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.