IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PAMELA STANSBURY,                )<br>                                                       )<br>      Plaintiff,                             )<br>                                                       )<br>v.                                                  )<br>                                                       )<br>FEDEX CORPORATION, ALAN NADEL  )<br>Dr., and FEDERAL EXPRESS       )<br>CORPORATION,                      )<br>                                                       )<br>      Defendant.                         ) | No. 2:22-cv-02459-TLP-atc<br><br>JURY DEMAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Pamela Stansbury sued Defendant Federal Express Corporation ("FedEx") alleging violations of the ADA, HIPAA,[1] Title VII, and the ADEA. (ECF No. 1.) FedEx then moved to dismiss the complaint. (ECF No. 21.) Plaintiff responded in opposition and FedEx replied. (ECF Nos. 25, 27.) Then, without leave of court, Plaintiff filed the equivalent of a surreply. (ECF No. 28.) Plaintiff has also moved to amend her complaint.[2] (ECF No. 44.) FedEx responded in opposition and Plaintiff replied. (ECF Nos. 45–46.) The Court is now considering both FedEx's motion to dismiss and Plaintiff's motion to amend.

Under Administrative Order 2013-05, the Court referred this case to Magistrate Judge Annie T. Christoff ("Judge Christoff") for management of all pretrial matters. Judge Christoff

---

[1] As Judge Christoff points out, it is unclear whether Plaintiff intended to assert a HIPAA claim against FedEx or only against Dr. Nadel in her complaint. (ECF No. 1; ECF No. 55 at PageID 307–08.) Either way, and as this Court and Judge Christoff have previously explained, Plaintiff fails to state a claim here because HIPAA does not provide a private cause of action. (ECF No. 9 at PageID 51; ECF No. 16 at PageID 70–71; ECF No. 55 at PageID 307–08.)

[2] Plaintiff moved to "Amend Pleadings Adding Negligence and Race." (ECF No. 44.)

reviewed the motions and entered a Report and Recommendation ("R&R"). (ECF No. 55.) In the R&R, Judge Christoff recommends Plaintiff's motion to amend be denied and Defendant's motion to dismiss be granted in part and denied in part. (*Id.* at PageID 323.)

Neither side objected to Judge Christoff's R&R. For the reasons below, the Court agrees with Judge Christoff's analysis and therefore **ADOPTS** her R&R. As a result, the Court **DENIES** Plaintiff's motion to amend and **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss.

## BACKGROUND

In July 2022, Plaintiff sued FedEx and Dr. Alan Nadel ("Dr. Nadel"). (ECF No. 1.) She used a court-provided complaint form and alleged violations of the ADA, HIPAA, Title VII, and the ADEA. (*Id.*) Because Plaintiff is a pro se, non-prisoner litigant and proceeding in forma pauperis, the Court conducted a screening under 28 U.S.C. § 1915(e)(2)(B) to make sure the plaintiff's claims allege enough to proceed before issuing process. *See* Local Rule 4.1(b)(2). As a result of this screening, the Court dismissed Plaintiff's HIPAA, Title VII, and ADEA claims. (ECF No. 16 at PageID 71.) Accordingly, the Court dismissed Dr. Nadel from this action. (*Id.*) The only claims left in this case therefore are Plaintiff's ADA claims against FedEx. (*Id.*)

Defendant now moves to dismiss the ADA claims and Plaintiff moves to amend the complaint to add claims. (ECF Nos. 21, 44.) As for her ADA claims, Plaintiff alleges that FedEx discriminated against her over her disability when it terminated her employment, failed to accommodate her disability, and retaliated against her because of her disabilities. (ECF No. 1 at PageID 4.) Her disabilities consist of neurological complications from a head injury she suffered at work. (ECF No. 8 at PageID 10.)

2

Plaintiff now seeks to add a race discrimination claim and a negligence claim against FedEx. (ECF No. 44.) Simply put Plaintiff contends that it engaged in racial discrimination against her in relation to training and other conditions of employment. (*Id.* at PageID 225–26.) As for her negligence claim, Plaintiff argues that FedEx's negligence caused her head injury. (*Id.* at PageID 224–25.) Plaintiff also seeks to add either a negligence or healthcare liability claim against Dr. Nadel, who is not a party to this action. (*Id.* at PageID 227.) In short, Plaintiff alleges that Dr. Nadel engaged in medical malpractice during her post head injury treatment and by failing to provide her with her medical records. (*Id.*)

## THE R&R

After recounting the factual and procedural history, Judge Christoff analyzed the relevant standards of review. Judge Christoff then analyzed Plaintiff's proposed amendments. (ECF 55.) She concluded that Plaintiff's motion to amend should be denied in its entirety. (*Id.* at PageID 323.) Judge Christoff then analyzed Defendant's motion to dismiss and assessed whether Plaintiff stated claims for which relief may be granted under the ADA. (*Id.*) As for Plaintiff's ADA claims, Judge Christoff found that her retaliation claim should not be dismissed. (*Id.*) Judge Christoff also found that Plaintiff's disability discrimination claims should proceed but only for discriminatory actions that took place on or after February 6, 2021. (*Id.*) The Court next recites the relevant legal standards and then addresses why it adopts the R&R.

## LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). But a court need not grant leave to amend where amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "A motion to amend is futile 'where a proposed amendment

3

would not survive a motion to dismiss.'" *Banerjee v. Univ. of Tennessee*, 820 F. App'x 322, 329 (6th Cir. 2020) (quoting *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993)

When deciding whether a complaint states a claim on which relief can be granted, courts apply the standard of Federal Rules of Civil Procedure 8 and 12(b)(6) as explained by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Fed. R. Civ. P. 12(b)(6). For example, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" and giving the defendant fair notice of the claim and the grounds for the claim. *Twombly*, 550 U.S. at 555. And "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 444 (2022) (citation omitted). But the court need not accept "legal conclusions or unwarranted factual inferences." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (quoting *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)). Instead, the "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (quoting *Commercial Money Ctr. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007)). "Threadbare recitals of the elements of a cause

4

of action, supported by mere conclusory statements, do not suffice."[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Courts must "liberally construe[]" pleadings filed by pro se plaintiffs and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Pro se plaintiffs must still plead enough "*factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678). District courts are not "required to create" a pro se plaintiff's claim for him.[4] *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003).

A magistrate judge may submit proposed findings of fact and recommendations to a district court judge for the determination of certain pretrial matters, including dismissal of an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If a party does not object, then a district court reviews a report and recommendation for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

---

[3] As for discovery, a plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79.
[4] "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

5

judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R on July 30, 2024, and neither party objected. (ECF No. 55.) The Court therefore reviews the R&R for clear error.

## DISPOSITION

For the reasons below, this Court finds that Plaintiff's motion to amend should be denied in its entirety because all her proposed amendments are futile. This Court also finds that Defendant's motion to dismiss should be granted in part and denied in part. In particular, this Court finds that Plaintiff's ADA retaliation claim should proceed. And the Court finds that Plaintiff's other ADA claims should proceed, but only for claims arising from discriminatory actions taking place on or after February 6, 2021.

**I.      Motion to Amend**

    **A.      Negligence Claim**

Plaintiff seeks to add a negligence claim against FedEx, as she alleges that "she was hit with a steel object on 10/21/2020" while at work because of FedEx's negligence. (ECF No. 44 at PageID 224.) Judge Christoff correctly explains that this claim should be dismissed because workers' compensation exclusivity bars this claim. (ECF No. 55 at PageID 312.) Under Tennessee law, "the workers compensation fund (except in cases of employer intentional torts) provides the exclusive remedy for workplace injuries." *Wiggins v. Kimerly-Clark Corp.*, 641 F. App'x 545, 550 (6th Cir. 2016); *see* Tenn. Code Ann. § 50-6-108(a). Plaintiff does not allege that FedEx intentionally injured her. (ECF No. 44 at PageID 224–25.) And so, since her injuries occurred "during the course and scope of [her] employment," workers compensation is her exclusive remedy. *Wiggins*, 641 F. App'x at 550. As a result, were the Court to allow her to bring the claim, it would be futile. The Court therefore agrees with Judge Christoff and finds that Plaintiff may not amend the Complaint to add a negligence claim against FedEx.

**B.      Race Discrimination Claim**

Plaintiff also seeks to add a race discrimination claim under Title VII against FedEx. (ECF No. 44 at PageID 225–26.) Judge Christoff correctly concludes that Plaintiff failed to exhaust her administrative remedies for such a claim, which prevents Plaintiff from proceeding with this claim in federal court. "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [her] EEOC charge." *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Judge Christoff properly notes that Plaintiff's Charge of Discrimination ("Charge") included no information related to race discrimination. (ECF No. 22-1.) Indeed, Plaintiff described claims related only to discrimination on the basis of her disabilities, and she did not check the box for race discrimination or mention facts related to race discrimination in the narrative portion of the Charge. (*Id.*) The Court therefore agrees with Judge Christoff and finds that Plaintiff may not amend the Complaint to add a race discrimination claim.

**C.      Negligence or Healthcare Liability Claim against Dr. Nadel**

Plaintiff next attempts to bring Dr. Nadel into this case again through either a negligence or healthcare liability claim. (ECF No. 44 at PageID 227.) Judge Christoff correctly concludes that these claims are time barred, whether or not the claims are construed as a simple negligence or healthcare liability claim. (ECF No. 55 at PageID 314.) For either claim, the statute of limitations is one year. Tenn. Code Ann. § 28-3-104; Tenn. Code Ann. § 29-26-116.

Plaintiff states that her medical treatment by Dr. Nadel ended on April 1, 2021. (ECF No. 13 at PageID 59; ECF No. 55 at PageID 314.) And so, as Judge Christoff explains, the time to bring her proposed amended claims began to run on April 1, 2021, at the latest. (*Id.*) Plaintiff sued here on July 13, 2022, meaning her claims against Dr. Nadel expired over three months

7

before she filed this case. (ECF No. 1.) Even if the proposed amendments relate back to the original complaint, they are still time barred. The Court therefore agrees with Judge Christoff and finds that Plaintiff may not amend the complaint to add a claim of either negligence or healthcare liability against Dr. Nadel because both claims are time barred on their face.[5] The Court therefore **DENIES** Plaintiff's motion to amend.

## II. Motion to Dismiss

### A. Disability Discrimination Claim

#### 1. Whether the Claims are Time Barred

FedEx argues that the Court should dismiss Plaintiff's disability discrimination claims based on conduct before February 6, 2021because they are time barred. (ECF No. 22 at PageID 86.) FedEx makes a good point. An employee has to file an EEOC Charge of Discrimination within 300 days of the alleged disability discrimination. *See Booth v. Nissan N.A., Inc.*, 927 F.3d 387, 392 (6th Cir. 2019). And when an employee alleges separate acts of discrimination, the only acts they may sue over are those that took place within 300 days before they filed the Charge. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Plaintiff filed her Charge on December 3, 2021, which means she can sue only over the acts occurring within 300 days, that is, on or after February 6, 2021.

With that timing in mind, Judge Christoff notes that these actions are *not* time barred: (1) Plaintiff's allegations that she asked for accommodations between February 6, 2021, and July 6,

---

[5] Although these potential claims have not been opposed (likely because Dr. Nadel is no longer a defendant in this case), the Court may reject this requested amendment on its own. (ECF Nos. 16, 22.) *See McDaniel v. Rees*, No. Civ.A.05CV218-HRW, 2006 WL 13031, at *3 (E.D. Ky. Jan. 3, 2006) ("A district court may sua sponte raise the statute of limitations defense in a suit where [a] statute of limitations defect was obvious from [the] face of [the] complaint. . . . A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations.").

8

2021; (2) Plaintiff's request for work-related accommodations in April 2021 without a response; and (3) Plaintiff's allegation that she was terminated from her employment on April 12, 2021. (ECF No. 55 at PageID 317.)  The Court agrees with Judge Christoff's analysis and finds that Plaintiff's discrimination claims over these post-February 6, 2021acts may procced.  That said, when Plaintiff alleges that FedEx took discrete discriminatory actions before February 6, 2021, those claims are time barred.

The Court therefore **DISMISSES** any ADA claim arising from discrete discriminatory acts committed before February 6, 2021, while holding that claims based allegedly discriminatory acts after February 6, 2021, may proceed.

### 2.     Whether Plaintiff States a Claim

FedEx also argues that Plaintiff fails to state a disability discrimination claim under the ADA.  (ECF No. 22 at PageID 87.)  "To recover on a claim for disability discrimination under the ADA, a plaintiff must show that he: (1) is disabled; (2) is otherwise qualified to perform the essential functions of the position, with or without accommodation; and (3) has suffered an adverse employment action because of [her] disability." *Douglas v. Esper*, No. 2:18-cv-02420-SHM-dkv, 2020 WL 206936, at *3 (W.D. Tenn. Jan. 14, 2020) (citing *Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891 (6th Cir. 2016)).  To be sure, Plaintiff's discrimination allegations are not that detailed.  But this does not doom her claims because "[a] claimant need not … allege facts establishing a prima facie case of disability discrimination to survive a motion to dismiss under Rule 12(b)(6)." *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019).  As Judge Christoff points out, Plaintiff alleges a head injury, her EEOC Charge asserts facts suggesting she was qualified for the position, and Plaintiff alleges FedEx terminated

9

her.[6]  (ECF No. 55 at PageID 319.)  The Court therefore agrees with Judge Christoff that Plaintiff sufficiently alleges disability discrimination at this stage.  Accordingly, the Court **DENIES** FedEx's motion to dismiss as it relates to FedEx's alleged discriminatory actions after February 6, 2021.

    **B.**    **ADA Retaliation Claim**

FedEx argues next that Plaintiff fails to state a retaliation claim, contending that she fails to allege a causal connection between protected ADA activity and retaliatory conduct by FedEx. (ECF No. 22 at PageID 90–91.)   An ADA retaliation claim "requires a showing that (1) the plaintiff engaged in activity protected under the ADA; (2) the employer knew of that activity; (3) the employer took an adverse action against plaintiff; and (4) there was a causal connection between the protected activity and the adverse action." *Rorrer v. City of Snow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *A.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013)).  As to the causation prong, temporal proximity alone can show a causal connection "[w]here an adverse employment action occurs very close in time after an employer learns of a protected activity," however when the timing is further apart, "the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality." *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 505 (6th Cir. 2014)

Plaintiff alleges that she made her most recent accommodation request on April 1, 2021, and that FedEx terminated her on April 12, 2021.  (ECF No. 1 at PageID 4; ECF No. 8 at PageID

---

[6] Judge Christoff also notes that Plaintiff has sufficiently alleged denials of work-related accommodation requests.  This Court understands that to be a recommendation from Judge Christoff that Plaintiff's failure to accommodate claims should proceed.  (ECF No. 55 at PageID 319.)  FedEx has not objected to the R&R, and the Court holds that any failure to accommodate claim based on discriminatory acts committed on or after February 6, 2021, survives the motion to dismiss like Plaintiff's other ADA claims.

33; ECF No. 25 at PageID 110.)  Plaintiff also made requests before April 2021.  (ECF No. 1 at PageID 4; ECF No. 25 at PageID 110.)  Given the closeness in time between her final request and her termination, and while construing the Complaint in the light most favorable to Plaintiff, the Court agrees with Judge Christoff that Plaintiff has alleged protected activity close enough to her termination to state a retaliation claim.  The Court therefore **DENIES** FedEx's motion to dismiss as to Plaintiff's ADA retaliation claim.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R for clear error and finds none.  The Court **ADOPTS** the R&R and **DENIES** Plaintiff's motion to amend.  The Court **GRANTS IN PART** and **DENIES IN PART** FedEx's motion to dismiss.  The Court **DISMISSES** Plaintiff's claims that are based on discrete discrimination actions that took place before February 6, 2021, yet all of Plaintiff's other ADA claims, including Plaintiff's retaliation claim, may proceed.

**SO ORDERED**, this 26th day of September, 2024.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE