IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PAMELA STANSBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:22-cv-02459-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| FEDEX CORPORATION, ALAN NADEL, ) | |
| Dr., and FEDERAL EXPRESS ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Magistrate Judge Annie T. Christoff ("Judge Christoff") entered a Report and Recommendation ("R&R") suggesting this Court dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b) and as a discovery sanction under Federal Rule of Civil Procedure 37(d).  For the reasons below, this Court agrees with Judge Christoff and **ADOPTS** her R&R.

**BACKGROUND AND THE R&R**

As Judge Christoff explains, Plaintiff has repeatedly failed to participate in discovery and comply with Court orders.  For example, on July 10, 2024, FedEx moved to compel discovery because Plaintiff had failed to respond to multiple discovery requests.  (ECF No. 49.)  According to FedEx, she failed to respond to FedEx's Interrogatories and Requests for Production, and she refused to respond to the Requests for Admissions.  (*Id.*)  Judge Christoff granted FedEx's motion and ordered Plaintiff to respond by September 12, 2024.  (ECF No. 63.)

1

Plaintiff then moved unopposed to extend the deadline, which Judge Christoff granted. (ECF Nos. 66, 67.) But then Plaintiff missed the extended deadline. Three days after that deadline passed, Plaintiff filed under seal over 1,000 pages of disorganized documents. (ECF No. 69.) This was likely a response to FedEx's Requests for Production. (*See id.*) Also, according to FedEx, Plaintiff's responses to the February 2024 requests for documents are incomplete, despite Judge Christoff's Order. (ECF No. 72 at PageID 1543.)

In September, FedEx notified Plaintiff that it would take her deposition on October 15, 2024, at FedEx. (ECF No. 72-1.) The Parties agreed to the date. (*See* ECF No. 75.) On October 3, 2024, Plaintiff filed a "Notice of Objection to Notice of Deposition." (ECF No. 71.) She contended that she did not want to give her deposition at FedEx because the location would place her at a disadvantage. (*Id.*) Plaintiff also claimed that she has PTSD as she was injured at FedEx and so she does not wish to return to FedEx. (*Id.*) She lastly claimed that terminated employees are not permitted on FedEx's premises. (*Id.*) Plaintiff did not request affirmative relief, move for a protective order, or state in this "notice" that she was not going to show up for the deposition. (*Id.*)

But Plaintiff then missed her deposition on October 15, 2024. And so on October 16, 2024, FedEx moved to dismiss under Fed. R. Civ. P. 41(b). (*Id.*) Plaintiff responded. (ECF No. 75.) In her response, Plaintiff again explained that she did not want the deposition to occur at FedEx and suggested the deposition take place at Cossitt Library. (*Id.*)

After Plaintiff responded, Judge Christoff conducted a hearing on the matter and denied FedEx's motion. (ECF No. 72.) But at the hearing, Judge Christoff explained to Plaintiff that her concerns were unwarranted.[1] At the hearing, Plaintiff never stated that she was medically or

---

[1] In her R&R, Judge Christoff explains what took place at this hearing. As she explains,

2

physically unable to attend the deposition. (ECF No. 92 at PageID 1636–37.) And Judge Christoff ordered Plaintiff to attend her deposition on November 15, 2024, at 9:30 AM at FedEx's Office. (ECF No. 72.) And she warned that failure to attend her deposition would result in dismissal of this case. (*Id.*)

Then, just two days before her deposition, Plaintiff moved to have her deposition conducted remotely. (ECF No. 80.) Plaintiff cited vague medical reasons. (*Id.*) FedEx opposed this motion, explaining that the deposition needed to be in person as the deposition would be document intensive. (ECF No. 82.) Judge Christoff found FedEx's position persuasive and denied Plaintiff's motion. (ECF No. 84.) Judge Christoff again warned Plaintiff that her failure to attend the deposition would result in dismissal of this case. (*Id.*) Plaintiff then missed her scheduled deposition on November 15, 2024.

FedEx then moved to dismiss this case for failure to prosecute. FedEx seeks dismissal under Rule 41(b) for failure to prosecute and under Rule 37(d) as a sanction for Stansbury's refusal to attend her deposition. (ECF No. 86.) In her response, Plaintiff does not contest that she failed to attend her deposition. (ECF No. 90.) Instead, she contends that she could not

---

> The Court then considered and rejected each of Stansbury's arguments against attending her deposition at FedEx's office, explaining that the office is different from the FedEx location where she worked and that plaintiffs commonly attend their depositions at the offices of defendants or defense counsel. Stansbury repeated her concern that FedEx would be advantaged by the location and requested that the deposition occur at some neutral location. The Court denied that request as part of the sanctions against Stansbury for not appearing for her deposition, explaining that the location was reasonable and would decrease FedEx's costs of conducting the rescheduled deposition. … Again, at no time during the hearing did Stansbury indicate that she was physically or medically unable to attend the deposition at FedEx.

(ECF No. 92 at PageID 1636–37.)

3

attend in person due to her medical conditions. (*Id.*) In this response, Plaintiff, for the first time, tells the Court specific medical conditions preventing her from attending an in-person deposition. (*Id.*) She states that she suffers from primary open-angle glaucoma, spondylosis, glaucoma, and that she cannot drive. (*Id.*) She provides medical documentation as well. (*Id.*) This is confusing since Plaintiff asked earlier to hold her deposition at a public library and she gave the Court different reasons for why she did not want to attend a deposition at FedEx.

In January 2025, Judge Christoff submitted this R&R, recounting the discovery history and the standard for dismissal under Rule 41(b). (ECF No. 92.) She recommends dismissal of this case without prejudice. (*Id.*) Having reviewed the record here, this Court finds no clear error in Judge Christoff's conclusion and her reasoning. The Court now turns to the legal standard.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, then a district court reviews a R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R on January 2, 2025, and neither party

4

objected. And the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record here, the Court finds no clear error. The Court therefore **ADOPTS** the R&R.

Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or comply with a court order. Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

To determine whether dismissal under Rule 41(b) is appropriate, courts consider four factors, none of which are dispositive: (1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; (3) if the party was warned that failure to respond could lead to dismissal; and (4) if less drastic sanctions were considered. *See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)). The Court considers very similar factors when deciding whether dismissal is an appropriate discovery sanction under Rule 37(d). *See Walker v. U.S. Bank*, No. 2:18-CV-2624-JPM-tmp, 2019 WL 13153218, at *3 (W.D. Tenn. Aug. 9, 2019) (citing *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005)). All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570.

Judge Christoff applied the factors and recommended that the Court dismiss Plaintiff's case under Rule 41(b) and Rule 37(d) without prejudice. For the first factor, "[w]illfulness, bad

5

faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737). Without question, Plaintiff has shown a reckless disregard for the effect of her conduct on these proceedings. She has failed to meaningfully participate in discovery, attend her depositions, or comply with Court orders. Plaintiff's failure to prosecute has caused delays and disruptions to this Court, to FedEx, and to FedEx's counsel. And so this first factor supports dismissal.

For the second factor, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Wright v. City of Germantown, Tenn.*, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570)). FedEx incurred expenses related to the two depositions Plaintiff failed to attend. And Plaintiff's failure to participate in discovery and resist her depositions has wasted FedEx's time. In sum, this second factor supports dismissal.

The third factor— notice—is a key consideration in the analysis. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor supports dismissal here because Plaintiff received clear warnings, in two orders, that failure to attend her scheduled depositions would result in the dismissal of this case. (ECF Nos. 79, 84.) But even with these warnings, Plaintiff still failed to attend her depositions. So the third factor, notice, weighs in favor of dismissal.

Finally, applying the fourth factor, a Court need not implement a lesser sanction before dismissing a case. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In fact, if a party ignores court orders and still fails to prosecute

6

her case then dismissal is appropriate. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several court orders).

In any event, as Judge Christoff explains, it is doubtful that lesser sanctions would be effective here. Plaintiff has repeatedly ignored Court orders, and she has given shifting justifications as to why she is unable to attend her depositions. Indeed, at one point she explained she did not want to attend her deposition at FedEx but mentioned no medical condition related to her eyes. (ECF No. 75.) And she requested that the deposition take place at a public library. (*Id.*) But then later Plaintiff claimed that she did not want the deposition to take place at FedEx as she cannot drive because of an eye condition. (ECF No. 90.) As Judge Christoff explains, this is contradictory, and Plaintiff fails to explain how she could get to a public library but not to FedEx. Plaintiff gives no reason why she could not take public transportation or a taxi or Uber to get where she needed to go.

The Court recognizes that dismissal here is harsh. But all in all, no sanction other than dismissal would be appropriate here. Plaintiff missed both depositions, and she has still not complied with written discovery requests.

## CONCLUSION

The Court has reviewed Judge Christoff's R&R for clear error and finds none. And so, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 27th day of January, 2025.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

7